Curia, per

Wardlaw, J.
A full trial has been had, and, after a tedious investigation, questions of influence and capacity, always troublesome and in this case peculiarly unpleasant, have been decided by the jury. The defendant urges no complaint of any occurrence at the trial, or of any instruction given to the jury,’or of the finding of the jury upon any fact contested by evidence or argument; but makes objection to the verdict upon a point not presented for the decision of the circuit Judge, and withdrawn from his notice by the manner in which the defence was stated and conducted.
*3 The objection is, however, a good one, if we conclude, as seems to be proper, that the damages found were intended to compensate the plaintiff for the conversion of an absolute title in the negroes. . The plaintiff was entitled to recover only according to his interest in the chattels converted; and it appears from the deed of Mrs. Bradford to her daughter, which has been exhibited to this Court, that the plaintiff had in the negroes thereby .conveyed only an estate for the life of his wife, and had that only as trustee by implication for her sole and separate use: — the remainder being limited to her children born and to be born.
But ought the case, under the circumstances that have occurred, to be sent .back for a new trial without terms imposed? It has been ascertained that the right oí possession was in the plaintiff, and that the defendant was a wrong-doer. The error imputed affects only the amount of damages. The least, then, that the Court should do, in the exercise of a sound discretion in granting a new trial, would be to limit the inquiry on the new trial to the single point about which there is ground for complaint, as was done in Thwaites vs. Sainsbury, (7 Bing. 437,) under circumstances somewhat similar, (See also Sutton vs. Mitchell, 1 T. R. 18.)
But against even this there are pressing considerations. True justice to all who are concerned, will be best done by giving the possession of the slaves to the plaintiff in trust- for those whose benefit was intended by the deed: and this the plaintiff, as his counsel has said to the Court, is willing to accept in satisfaction of the whole recovery except the costs. The defendant cannot reasonably object that, without account of hire from the time he converted them, he should be required to give up the slaves he had no right to convert. An estimate of the value of a life estate may, during its continuance, be made, according to certain rules, but these rules are deduced from an average of lives, and are liable to be greatly falsified by the event in any particular case: so that by an estimate most carefully made, great wrong may be *4 done to one or other of the parties. After such an estimate (as indeed after his payment of the present verdict) the defendant would he liable again to the action of Mrs. Laney’s children when the life estate was determined, and during its continuance they would be subjected to the risk of his removing or ill-treating the negroes, and he to the chance of their requiring security from him. No sum at which by a reasonable estimate the value of the life estate might be fixed, would, by being put to interest or invested in other property, probably yield to Mrs. Laney the same advantage which she might expect to have from the use of these negroes; and if the principal of such -sum should be gradually expended for her benefit, the enjoyment of it could not be distributed throughout her whole life, as the use of the negroes would be.
These considerations induce the Court to impose upon the grant of a new trial in this case extroardinary terms required by an extraordinary conjuncture of circumstances. The discretion of the Court in imposing conditions upon the grant of a new trial may always be exercised, according to the exigency of the case. (See Graham on new trials — concluding chapter. Guerry vs. Kerton, 2 Rich. 507; Dinkins vs. Rees, Mss. Col. Dec. ’47.)
It is intended by the order that will be made to require the defendant to tender the slaves covered by the deed aforesaid to the plaintiff, and allow the plaintiff the election either to take the slaves and remit the damages (found (exclusive of costs) or to refuse the slaves and remittitur and submit to a new trial limited to the inquiry as to the value of plantiff’s interest in the slaves and their hire from the time of the conversion.
It is ordered that a new trial be granted — unless, upon a tender made by the defendant to the plaintiff of the woman Silvy, mentioned in the declaration, and all her children, on or before the first Monday of February next, the plaintiff shall accept the said slaves, to be held by him according to the limitations of the deed aforementioned, and shall enter a remittitur of the damages *5 which have been found, not including the costs. The defendant is required to make the tender aforesaid at Sumterville to the plaintiff or his lawful attorney in fact, and to give to the plaintiff or his attorney at law ten days notice of the day, within the prescribed time, on which the tender will he made; and on that day (or sooner, if the parties agree to an earlier day) the plaintiff, by himself or his attorney in fact, is required to be at Sumterville, and either to accept the slaves tendered and remit the damages, or to refuse acceptance and give notice of his intention to have a new trial. If a new trial should be had, it shall be limited to an inquiry into the amount of damages which the plaintiff has sustained from the defendant’s conversion óf the slaves in question — the plaintiff’s right of possession and the defendant’s conversion being taken as admitted by the defendant.
O’Neall, Evans, Frost and Withers, JJ. concurred.
New trial granted, nisi.

 Elected during the Term,